JAMES W. KEMP, sheriff, plaintiff in error, *vs.* JAMES WILLIAMS, defendant in error.

Where, in a rule against a sheriff for failing to raise the money on a *fi. fa.*, founded on a debt contracted before the 1st of June, 1865, it appeared as a part of the proceedings in the cause, though not in the sheriff's answer, that in September, 1870, he had called on the defendant for the money, and had taken his word for the money:

*Held,* That the sheriff could not, in reply to the rule, set up the subsequent Act of October 13th, 1870, requiring an affidavit that the taxes were duly paid, to be attached to the *fi. fa.*, before it could lawfully proceed.

Rule against Sheriff. Relief Act. Before Judge STROZIER. Dougherty Superior Court. February, 1871.

On the 25th of July, 1870, a *fi. fa.* for $137 90, principal, $40 21, interest, up to the 1st of June, 1870, and costs, was issued in favor of James Williams, against Mercer and De-Graffenreid, and was subsequently put into the hands of Kemp, sheriff, for collection. He did not make the money, and was, in February, 1871, ruled therefor. He objected to the rule being made absolute, because the *fi. fa.* was founded upon a contract made prior to June, 1865, and plaintiff had not attached to the *fi. fa.* his affidavit as to the payment of taxes, etc., as required by the Relief Act of the 13th of October, 1870, which he contended was a condition precedent, which must be complied with before said *fi. fa.* could be legally levied.

The only evidence of the age of the contract, apparent from the rule, is the amount of interest. But, with the record, and certified as part of it, came up an affidavit, made by said defendants, in which they stated that the contract was made prior to June, 1865; that plaintiff had not paid all legal taxes due thereon, etc.; that, by bad debts and depreciation of property, they had lost $50,000 00, by reason of the late war, and were, therefore, entitled to have the *fi. fa.* reduced, according to said "Relief Act." And further, they affirmed that some time in August, September or October, 1870, Kemp called on them for the money on said *fi. fa.*; that they told him it was an old debt, but that they would pay it, but did not pay it; after the passage of that Act, they had not paid it, because plaintiff had not made said affidavit as to taxes.

Counsel for plaintiff in error insisted that this paper was no part of the record, but counsel for defendant said it was. Whether this paper was before the Judge below when he considered this cause does not appear. He simply decided that the sheriff had not shown any good cause why he did not collect said *fi. fa.*, and made the rule against him absolute. This judgment is assigned as error.

Kemp *vs.* Williams.

Smith & Jones, plaintiff in error.

S. D. Irvin; R. F. Lyon, for defendant.

McCay, Judge.

It is of the highest importance to the proper administration of justice that the officers of Court shall not be permitted to place themselves in the position of collusion with any of the parties.

It appears from the record of this case that the sheriff had failed to levy, under an express understanding that, as the defendant had no ground of delay, he gave his word to the sheriff to have the money at Court. The sheriff relied upon this promise and made no levy. At the time this promise was made there was no cause of delay, and the sheriff was liable for the money to the plaintiff. Subsequently the State, for its own purposes, passed the Act of October 13th, 1870. Shall the sheriff be permitted to shield himself for his *laches*, already committed, behind this Act? We think not. To permit it, would be directly in the teeth of *Neal vs. Price*, 11 Georgia, 297, and contrary to the public policy we have asserted in the opening of this decision. Had the sheriff obeyed the order of the Court, the plaintiff would have had his money. The sheriff undertook deliberately to disobey, and instead of making the money, trusted to the word of the defendant. He acted at his own risk, and he cannot now shield himself behind the law requiring the taxes to be paid. That law is not for the benefit of the defendant, but for purposes of State. Much less can it be used to shield the sheriff from a liability taken upon himself since June, 1865.

Judgment affirmed.